**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| CLINTON SPARKS,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>HRHH HOTEL, LLC, *et al.,*<br><br>　　　　　　Defendants. | 2:11-cv-00973-GMN -VCF<br><br>**O R D E R** |

Before the court is defendants HRHH Hotel, LLC, *et al*'s Motion To (1) Stay Discovery As To Liability Pending Resolution Of Its Motion For Partial Summary Judgment, and (2) Extend The Discovery Cutoff Date and Related Deadlines. (#28 and #29)[1]. Plaintiff Sparks filed an Opposition (#33), and defendants filed a Reply (#39).

**Background**

Plaintiff Sparks filed his amended complaint on August 4, 2011, against defendants HRHH Hotel/Casino, LLC, HRHH Hotel, LLC, DOE defendants, and ROE Entities. (#5). In plaintiff's complaint, he asserts claims for (1) breach of written contract and (2) breach of implied covenant of good faith and fair dealing relating to a contract the parties entered into for plaintiff Sparks to perform at defendants' nightclub (hereinafter "Residency Agreement"). *Id.* Plaintiff seeks actual, consequential, and incidental damages in an amount in excess of $402,500, and reasonable attorney's fees and costs. *Id.*

Defendants filed their answer on August 25, 2011, asserting several affirmative defenses, including (1) plaintiff failed to state a claim for relief, (2) plaintiff failed to mitigate his damages, if any, (3) plaintiff's claims are waived as a result of his own conduct, (4) plaintiff's claims are barred on

---

[1] Defendants prepared the motion as one document, but, as the motion seeks two forms of relief, it was entered into the docket as two separate motions (#28 and #29).

account of failure of consideration, breach of condition precedent, impossibility, frustration of purpose, waiver, and/or acceptance by plaintiff, (5) defendants have paid plaintiff sums to which plaintiff is entitled, and (6) plaintiff's claims are barred by the parol evidence rule. (#11). Defendants also assert a counterclaim for declaratory judgment against plaintiff. *Id.*

On September 12, 2011, defendants filed a motion for partial summary judgment asking the court to issue an order declaring that (1) the Residency Agreement gave defendants the right to terminate the agreement at any time by cancelling all remaining individual engagement dates and prohibited plaintiff Sparks from performing at any other venue within 60 miles of the greater Las Vegas area for 60 days following the date of the termination, and (2) plaintiff Sparks' damages are capped at $34,500. (#13). On October 14, 2011, the court signed the parties' discovery plan and scheduling order. (#23). The discovery plan and scheduling order provided for a discovery cut-off date of February 20, 2012, a dispositive motions deadline of March 21, 2012, and a Joint Pretrial Order date of April 20, 2012. *Id.* The parties agreed that the discovery should not be conducted in phases or limited to or focused on a particular issue. *Id.* On February 21, 2012, defendants filed the instant motions to stay and extend time. (#28 and #29).

**Pending Motions**

    **A.**    **Relevant Facts**

On September 13, 2011, the parties met for a Rule 26(f) conference. (#28 Exhibit 2). The parties agreed to attempt to settle the dispute through mediation, and scheduled a meditation for October 18, 2011. *Id.* The mediation was not successful. *Id.* On October 26, 2011, defendants served plaintiff with their first set of interrogatories and first set of requests for production of documents. (#28 Exhibits 3 and 4). The written discovery consisted of four interrogatories and five requests for production of documents. *Id.* On October 28, 2011, defendants re-served their interrogatories and included Exhibit 1, which had been inadvertently omitted. (#28 Exhibit 5). Defendants agreed to extend the time for plaintiff to respond to the written discovery to December 5, 2011. *Id.* On December 12, 2011, the court

signed the parties stipulation and order regarding written discovery, which extended the time in which plaintiff had to respond to written discovery to January 2, 2012. (#24). On January 3, 2012, plaintiff served defendants with his written discovery responses. (#7 and #8).

Defendants assert that plaintiff's responses were "utterly deficient," and that, although the requests were narrowly tailored to allow defendants to evaluate the extent of Sparks' efforts to mitigate damages, plaintiff's responses provided boiler-plate objections, non-existent privileges, un-executed performance contracts, and bank account statements from a bank account that is not held in his name. (#28). Defendants sent plaintiff's counsel an email outlining the alleged deficiencies on February 1, 2012. (#28 Exhibit 10). No response was received. On January 20, 2012, plaintiff served defendants with written discovery requests, including 113 requests for admissions, 21 requests for production of documents, and 21 interrogatories. (#28 Exhibits 11, 12, and 13). Defendants assert that these discovery requests focused almost "exclusively on liability." (#28).

In response, defense counsel sent an email to plaintiff's counsel to propose a stay of discovery on the question of liability. (#28 Exhibit 10). On February 2, 2012, defense counsel sent another email regarding staying discovery, and attached a proposed stipulation to stay and extend discovery deadlines. (#28 Exhibit 14). Since plaintiff's counsel did not respond to this email, on February 7, 2012, defense counsel sent another email regarding the proposed stipulation. (#28 Exhibit 14). Plaintiff's counsel responded, stating that he would have an answer for defense counsel by February 9, 2012. *Id.* On February 10, 2012, defense counsel sent an email to plaintiff's counsel requesting that the parties meet and confer. (#28 Exhibit 15). The parties met and conferred telephonically on February 13, 2012, and discussed (1) the alleged deficiencies in plaintiff's production, (2) the possibility of staying discovery on the issue of liability pending the court's ruling on the motion for partial summary judgment, and (3) stipulating to extend discovery deadlines. (#28).

Following the meet and confer, plaintiff's counsel sent defense counsel an email agreeing to provide certain requested documents and asserting that plaintiff does not have executed copies of certain

3

contracts requested. (#28 Exhibit 16). In response, defense counsel sent an email confirming the outcome of the meet and confer: that plaintiff will not agree to a stay of discovery related to liability, will not withdraw his written discovery related to liability, and will not agree to any extension of the present discovery deadlines. *Id.* Defense counsel also sought deposition dates for plaintiff Sparks, the 30(b)(6) witness for C. Sparks Entertainment, Inc, Mr. Leonard (plaintiff's manager), and the 30(b)(6) witness for Get Familiar, Inc. *Id.* On February 21, 2012, defendant filed the present motions to stay (#28) and to extend discovery deadlines (#29).

### 1.     **Motion To Extend Discovery (#29)**

In defendants' motion to extend discovery, defendants assert that no depositions have been conducted, but that defendants intend on taking the depositions of plaintiff Sparks, Mr. Leonard, and 30(b)(6) witnesses for C. Sparks Entertainment and for Get Familiar, Inc. (#29). Defendants also assert that written discovery may be needed to "follow-up on outstanding issues, including issuing additional subpoenas related to Sparks' efforts to mitigate his alleged damages." *Id.* Defendants contend that the discovery has not been completed because of plaintiff's deficient responses and failure to provide highly relevant documents that defendants requested. *Id.* Defendants argue that they have been pursuing discovery diligently, and have issued subpoenas to third parties in an attempt to obtain requested documents. *Id.* Defendants ask this court to extend discovery for 90 days. *Id.* Plaintiff Sparks opposes the request to extend discovery, and asserts that defendants failed to demonstrate that their neglect was excusable and that they were sufficiently diligent in light of the circumstances. (#33).

In defendants' reply in support of their motion, they assert that in light of plaintiff's opposition to the motion to extend discovery, defendants ask "only that the [c]ourt re-open discovery for the limited purpose of allowing [defendants] to conduct follow up discovery with respect to mitigation of damages." (#39). The limited discovery would consist of (1) deposing plaintiff, his manager, and 30(b)(6) witnesses for their respective business entities, (2) following up on subpoenas issued by defendants, and (3) limited follow up discovery based on what the depositions and subpoenas reveal as

4

to Sparks' alleged mitigation of his damages. *Id.*

Pursuant to the discovery plan and scheduling order, discovery ended on February 20, 2012. (#23). The court will not re-open discovery. In light of the discovery history in this action as outlined above, the court will permit defendants to conduct the depositions of plaintiff Sparks, Mr. Leonard, and the 30(b)(6) witnesses for C. Sparks Entertainment, Inc. and Get Familiar, Inc[2]. The depositions shall be limited in scope to the topic of damages, and must be conducted within thirty (30) days from the entry of this order.

### 2.     Motion To Stay Discovery (#28)

As the court is not extending or reopening discovery, plaintiff Sparks' request to stay discovery (#28) is moot.

Accordingly, and for good cause shown,

IT IS ORDERED that defendants HRHH Hotel, LLC, *et al*'s Motion To Extend The Discovery Cutoff Date and Related Deadlines (#29) is GRANTED in part and DENIED in part, as discussed above. Defendants are permitted to conduct the depositions of plaintiff Sparks, Mr. Leonard, and the 30(b)(6) witnesses for C. Sparks Entertainment, Inc. and Get Familiar, Inc. The depositions shall be limited in scope to the topic of damages, and must be conducted within thirty (30) days from the entry of this order. The Joint Pretrial Order is due the later of sixty (60) days from the entry of this order or thirty (30) days from the court's decision on the pending motion for partial summary judgment (#13).

. . .

. . .

. . .

---

[2] Defendants assert that it is their understanding that plaintiff Sparks and Mr. Leonard will serve as the 30(b)(6) witnesses for their entities. (#39). As such, defendants are seeking to take two depositions.

5

IT IS THEREFORE ORDERED that defendants HRHH Hotel, LLC, *et al*'s Motion To Stay Discovery As To Liability Pending Resolution Of Its Motion For Partial Summary Judgment (#28) is DENIED as moot.

DATED this 2nd day of April, 2012.

**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**